**J. P. BARNETT CO., Inc., v. LUDEAU.**

No. 31090.

April 25, 1932.

J. Hugo Dore, of Ville Platte, and Dubuisson & Dubuisson, of Opelousas, for appellant.

Lewis & Lewis, of Opelousas, for appellee.

ST. PAUL, J.

Plaintiff sues for losses incurred on an alleged joint adventure in cotton. Defendant admits that there was such a joint adventure, but claims that it was between himself and J. P. Barnett individually, not with the J. P. Barnett Company. He further claims that said agreement was dissolved in the first three days of the season.

I.

The claim that the agreement was with Barnett individually is unfounded. At the time it was made Barnett had ceased for many years to operate individually in cotton, and had incorporated his business as the Barnett Company of which he was the sole owner and exclusive manager; and this was well known to defendant. The fact that Mr. Barnett signed the letter relating to the agreement in his individual name is readily explained by the fact he was then on his vacation and wrote on the stationery of the hotel at which he was then stopping, a mere informal confirmation of an oral agreement previously made.

Nor is there any merit in the claim that the agreement was dissolved at the beginning of the cotton season. Defendant testifies it was,

but this is denied by Barnett. And the following letter addressed to Barnett by defendant shows that this was only an afterthought, to wit:

"Referring to our recent telephone conversation regarding the statement you sent me on the Evangeline cotton I beg leave to say that I positively refuse to recognize this account as our joint account. *A joint account should be kept separate from any other account;* consequently I refuse to pay anything on the statement furnished me." (Italics ours.)

Had there been no joint account between the parties, or had same been abrogated, it would have been so easy to say so instead of merely complaining of *the form in which the account was kept.*

## II.

The total loss on the joint adventure was $8,932.37. But defendant complains, and we think justly, of an item of $2,361.22 of *interest.*

There is nothing in the evidence either as to any agreement or as to any custom which would allow plaintiff interest on its advances, either at the rate charged (8 per cent.) or at any other rate; nor is there any evidence that plaintiff paid out said interest to any one else. This item must therefore be disallowed, and the judgment below amended accordingly.

### Decree.

For the reasons assigned the judgment appealed from is amended by reducing the amount allowed plaintiff to $3,285.57, with legal interest from judicial demand until paid. Plaintiff to pay costs of appeal, and defendant to pay all other costs.